

**MEMO ENDORSED**

This case is hereby STAYED pending resolution of the Fed.R.Civ.P. 42(a) motion in 23-cv-9727.

SO ORDERED:

*Andrew L. Carter Jr.*
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: February 16, 2024
New York, NY

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Lauren Howland**
*Special Assistant Corporation Counsel*
Office: (212) 356-2016

February 16, 2024

**VIA ECF**
Hon. Andrew L. Carter Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *G.C., et al. v. N.Y.C. Dep't of Educ.,* 23-cv-9743 (ALC)(SLC)
             *A.C., et al. v. N.Y.C. Dep't of Educ.,* 23-cv-9774 (ALC)(SN)
             *C.D., et al. v. N.Y.C. Dep't of Educ.,* 23-cv-9776 (SLC)(SN)

Dear Judge Carter:

        I am a Special Assistant Corporation Counsel in the Office of Corporation Counsel, the Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced actions, wherein Plaintiffs seek solely attorneys' fees, costs, and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et. seq*. ("IDEA"), as well as for this action.

        On February 14, Judge Cronan scheduled a pre-motion conference for April 10, 2024 to discuss the anticipated consolidation motion, pursuant to Fed. R. Civ. P. 42(a) (ECF No. 8), of these cases along with 28 other IDEA fees cases,[1] with *R.C., et al. v. N.Y.C. Dep't of Educ.*, 23-

---

[1] The parties will file corollary letters before the appropriate Judge or Magistrate Judge requesting stays of the following the instant motions:

(i) *A.C., et al. v. New York City Dep't of Educ.*, 23-9729 (CM)(SN)
(ii) *E.O. v. New York City Dep't of Educ.*, 23-cv-9732 (JLR)(SN)
(iii) *K.B., et al. v. N.Y.C. Dep't of Educ.,* 23-cv-9734 (GHW)(KHP)
(iv) *D.M., et al. v. New York City Dep't of Educ.*, 23-cv-9736 (MKV)(VF)
(v) *M.Y., et al. v. New York City Dep't of Educ.*, 23-cv-9740 (JGK)(JLC)
(vi) *C.C., et al. v. N.Y.C. Dep't of Educ.,* 23-cv-9738 (GHW)(VF)
(vii) *G.W., et al. v. New York City Dep't of Educ.*, 23-cv-9744 (PAE)(SDA)
(viii) *M.Z., et al. v. New York City Dep't of Educ.*, 23-cv-9746 (MKV)(SLC)
(ix) *E.C. v. New York City Dep't of Educ.*, 23-cv-9747 (JPO)(RWL)
(x) *L.P., et al. v. New York City Dep't of Educ.*, 23-cv-9749 (ER)(GS)
(xi) *G.P., et al. v. New York City Dep't of Educ.*, 23-cv-9750 (AT)(BCM)
(xii) *M.S., et al. v. New York City Dep't of Educ.*, 23-cv-9751 (LJL)(JW)
(xiii) *S.H., et al. v. New York City Dep't of Educ.*, 23-cv-9753 (KPF)(GS)
(xiv) *J.W., et al. v. New York City Dep't of Educ.*, 23-cv-9755 (AS)(SN)
(xv) *A.J., et al. v. New York City Dep't of Educ.*, 23-cv-9757 (JLR)(BCM)
(xvi) *A.M., et al. v. New York City Dep't of Educ.*, 23-cv-9758 (PAE)(SLC)
(xvii) *J.W.,et al. v. New York City Dep't of Educ.*, 23-cv-9759 (PAC)(KHP)

cv-9727 (JPC)(RWL) (ECF No. 8). Therefore, I write on behalf of all parties to respectfully request a stay of the above-referenced action pending the April 10 conference with Judge Cronan. All 32 cases were filed by Plaintiffs on November 3, 2023, and served on February 1, 2024. *R.C.* has the lowest civ. number of all the matters.[2] The parties' anticipated motion to consolidate includes a request for a 180-day stay[3] of all 32 cases for the purposes of simultaneous settlement, which the parties believe to be the most expeditious and judicially economical way to reach resolution. The parties are optimistic they will be able to fully resolve this matter through settlement without further intervention of the Court.

Should Judge Cronan grant the parties' requests, and in the unlikely event any of these 32 fee applications cannot be resolved through settlement, the parties will either seek the assistance of Magistrate Judge Lehrburger, currently assigned to *R.C.*, or propose a consolidated briefing schedule after the proposed 180-day timeline for global settlement.

We note that this office settles 95% of the IDEA claims commenced against the N.Y.C. Department of Education without the need to appear at conferences, engage in motion practice, and often without the need to respond to the complaint. We are hopeful these simple fee application cases will take that same course.

Accordingly, the parties respectfully request that the Court order a stay of this matter pending Judge Cronan's resolution of the motion pursuant to Fed. R. Civ. P. 42(a) in *R.C.*, 23-cv-9727.

The parties thank the Court for considering these requests.

                                                                         Respectfully submitted,
                                                                         /s/
                                                                         Lauren Howland
                                                                         Special Assistant Corporation Counsel

cc:     Jesse Cole Cutler (via ECF)

---

(xiii)  *N.I., et al. v. New York City Dep't of Educ.*, 23-cv-cv-9760 (JHR)(VF)
(xix)  *A.S., et al. v. New York City Dep't of Educ.*, 23-cv-9761 (DEH)(SN)
(xx)  *D.M., et al. v. New York City Dep't of Educ.*, 23-cv-9762 (JMF)(KHP)
(xxi)  *E.L., et al. v. New York City Dep't of Educ.*, 23-cv-9763 (LGS)(GS)
(xxii)  *E.N., et al. v. New York City Dep't of Educ.*, 23-cv-9764 (AS)(GWG)
(xxiii)  *K.M., et al. v. New York City Dep't of Educ.*, 23-cv-9766 (AT)(JLC)
(xxiv)  *M.B., et al. v. New York City Dep't of Educ.*, 23-cv-9768 (JGLC)(SLC)
(xxv)  *L.W., et al. v. New York City Dep't of Educ.*, 23-cv-9770 (JGLC)(GS)
(xxvi)  *M.L., et al. v. New York City Dep't of Educ.*, 23-cv-9771 (JMF)(JLC)
(xxvii)  *M.N. v. New York City Dep't of Educ.*, 23-cv-9772 (KPF)(JLC)
(xxviii)  *S.I., et al. v. New York City Dep't of Educ.*, 23-cv-9773 (LGS)(JW)

2 On November 3, 2023, Plaintiffs additionally filed *H.B., et al. v. New York City Dep't of Educ.*, 23-cv-9724 (JMF)(BCM), however that matter has a pending order to show cause due failure of timely service.

3 A 180-day extension would allow Defendant's counsel time to complete the City's internal review process for all 32 matters—which typically takes upwards of 90 days for a *single* matter—by analyzing the billing records together with the underlying administrative records, engaging in settlement negotiations, and hopefully reaching agreements in each matter.